ANDREW SHAMIS
Arizona Bar No. 037343
*ashamis@shamisgentile.com*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Telephone: (305) 479-2299

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
One W. Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: (954) 990-2218
cardoso@kolawyers.com

**pro hac vice* application forthcoming

*Attorney for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| RAUL SANTOS, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>vs.<br><br>BACKCHECKED, LLC,<br><br>            Defendant. | Case No. 2:24-cv-03690-JJT |

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF
CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD
CLASS COUNSEL

KARLO PERALTA and RAVEN JACKSON, individually, and on behalf of all others similarly situated,

        Plaintiff,

vs.

BACKCHECKED, LLC

        Defendant.

Case No. 2:25-cv-00391-ESW

## I.    INTRODUCTION

Pursuant to Local Rule of Civil Procedure 42.1 and Federal Rules of Civil Procedure Rule 42, Plaintiffs Raul Santos, Karlo Peralta, and Raven Jackson (together, "Plaintiffs') in the two related cases, *Santos v. Backchecked LLC*, 2:24-cv-03690-JJT ("*Santos*") (filed December 22, 2024), and *Peralta, et al. v. Backchecked LLC*, 2:25 cv-00391-ESW ("*Peralta*") (filed February 5, 2025), respectfully request the Court consolidate *Peralta* into *Santos*, the first-filed action (together, "Related Actions").

Plaintiffs request the Court appoint Andrew Shamis of Shamis & Gentile, P.A., and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel. Counsel met and conferred regarding the relief sought herein, and Defendant does not oppose consolidation, nor does it take a position on the appointment of Interim Co-Lead Class Counsel. In support of their Motion, Plaintiffs respectfully submit the following Memorandum.

## II.    PRELIMINARY STATEMENT

Two putative class action lawsuits are pending in the United States District Court of Arizona against Defendant Backchecked LLC ("Backchecked" or "Defendant").

The proposed class definitions in the Related Actions are the same. Both cases arise out of a cyberattack against Defendant discovered around September 26, 2024 ("Data Breach"). Plaintiffs in the Related Actions allege Defendant failed to properly secure and safeguard

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

1

personally identifiable information ("PII") stored within Defendant's information network, including, without limitation, names, dates of birth, driver's license numbers, and Social Security numbers. Furthermore, each Related Action asserts similar causes of action against Defendant and seeks similar remedies and compensation for those injured and affected by the Data Breach. As such, the Related Actions satisfy the requirements for consolidated actions under Local Rule 42.1(b).

For the benefit of Plaintiffs and the proposed Class, these putative class action lawsuits should be led by Court-appointed Interim Co-Lead Class Counsel. Mr. Shamis of Shamis & Gentile, P.A. and Mr. Ostrow of Kopelowitz Ostrow P.A. are extremely qualified to represent and protect the interests of the proposed Classes under each of the factors enumerated in Rule 23(g). They have significant experience successfully prosecuting complex consumer class actions and data privacy cases across the country. Mr. Shamis and Mr. Ostrow are nationally recognized by their peers as leaders in plaintiffs' class action litigation and have invested considerable time and resources investigating and pursuing these claims. Considering their substantial track record, proposed Interim Co-Lead Class Counsel respectfully submit that appointing Mr. Shamis and Mr. Ostrow to manage this litigation would best serve the interests of the proposed Classes.

Since filing the *Santos* and *Peralta* actions, Mr. Shamis and Mr. Ostrow and their firms have taken proactive steps to investigate the Data Breach, including, but not limited to, communicating with dozens of potential Class Members, speaking with persons possessing substantial cybersecurity expertise, coordinating with other attorneys and counsel for Defendant, and performing substantial research. Now, in the interests of judicial economy, Plaintiffs request the Court consolidate the Related Actions and appoint Andrew Shamis of Shamis & Gentile, P.A., and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel pursuant to Federal Rules of Civil Procedure Rule 23(g)(3).

## III.    PROCEDURAL HISTORY

The Related Actions were filed following Plaintiffs' receipt of a form letter from Defendant notifying them of the Data Breach. Each case alleges similar facts under

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

overlapping legal theories and seeks to represent the same putative class of individuals. Through their respective putative class actions, Plaintiffs allege a combination of the following causes of action against Defendant including: negligence, negligence *per se*, breach of third-party beneficiary contract, breach of implied contract, invasion of privacy, breach of fiduciary violation of the California Unfair Competition Law, violation of the California Consumer Privacy Act, violation of the California Consumer Records act, unjust enrichment, declaratory judgement and injunctive relief.

Following the filing of these cases, attorneys for Plaintiffs in the Related Actions discussed consolidation of their respective actions, prompting Plaintiffs to file this Motion.

## IV.    LEGAL ARGUMENT

Consolidation of actions in Federal Court is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides: If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions, (2) consolidate the actions, or (3) issue any other orders to avoid unnecessary cost or delay.

"Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases '[i]f the actions before the court involve a common question of law or fact." *Apache Stronghold v. United States*, No. CV-21-00050-PHX-SPL, 2021 U.S. Dist. LEXIS 96383, at *1 (D. Ariz. Apr. 15, 2021) (quoting Fed. R. Civ. P. 42(a)). Local Rule 42.1(a) similarly allows for transfer and consolidation of cases to a single judge if the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) . . . [remaining unconsolidated] would entail substantial duplication of labor if heard by different Judges." *Id*.

Furthermore, class actions present unique and complex challenges that require a greater level of organization and case management to protect the interests of Plaintiffs and the putative Class Members. Consolidating the Related Actions and appointing Interim Co-Lead Class

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

3

Counsel at the earliest practicable time is essential as it promotes judicial economy and delineates a clear division of labor and allocation of tasks and responsibilities that is crucial in keeping the litigation well-organized and efficient. *See* Fed. R. Civ. P. 23(g) (stating that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action").

### A.    The Court Should Consolidate the Related Actions

The Related Actions, along with any other cases subsequently filed, transferred or removed to this District arising out of the same Data Breach, should be consolidated into one substantively unified action. This consolidation (and the leadership structure) will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation, as all cases arising from the Data Breach will involve common issues of fact and law. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

### i.    *The Related Cases are Pending in the Same Court*

*Santos* is the earliest numbered case amongst the Related Actions currently pending in the United States District Court of Arizona. As such, this factor weighs in favor of consolidating all Related Actions into *Santos*.

### ii.    *The Related Cases Share Common Parties*

Backchecked LLC is the only defendant. While the Related Cases have different plaintiffs, both are putative class actions which seek to represent the same group of putative litigants. As such, this factor militates in favor of consolidation.

### iii.    *The Related Actions Share Common Facts and Law*

Because the Related Actions present numerous common issues of fact and law, this Court should consolidate the Related Actions. The Related Actions make similar allegations against the same Defendant and/or its related entities surrounding a cyberattack impacting Defendant's systems purportedly discovered by Defendant on or around September 10, 2024. The Related Actions each include substantially similar federal claims for relief and seek the

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

4

same or similar declaratory and injunctive relief, requiring Defendant to implement and maintain adequate security measures, non-equitable relief in the form of damages for the alleged violations, punitive and statutory damages, attorney fees, costs, and expenses, and a jury trial. Finally, the Related Actions are in the same procedural posture. Therefore, judicial efficiency will be promoted by consolidation.

*iv.    The Related Actions Should be Consolidated to Reduce Costs and Delay*

Here, each case is in its infancy. Consolidation of Plaintiffs' claims into one action for all pre-trial and trial proceedings is not only appropriate, but necessary to avoid duplicative efforts and potentially conflicting rulings. To allow these cases to proceed as separate matters would waste judicial resources. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice and would cause an unnecessary drain on judicial resources. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice.

**B.    The Court Should Appoint Interim Co-Lead Class Counsel**

To avoid inefficiency, duplication, and possible prejudice to Plaintiffs, and consistent with the interests of justice, Mr. Shamis and Mr. Ostrow seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)–which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Here, as discussed above, the Related Cases currently pending are overlapping and duplicative, and additional cases are not unlikely. Plaintiffs seek the appointment of Mr. Shamis and Mr. Ostrow as Interim Co-Lead Class Counsel in the proposed consolidated action.

The Committee Notes to the 2003 Amendments to Rule 23 emphasize designation of Interim Co-Lead Class Counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

5

discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

*See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Rule 23(g) has criteria for the appointment of Class Counsel, including: (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage.

      i.   *Shamis and Gentile, PA and Kopelowitz Ostrow P.A. have Performed Work in Investigating this Action*

Shamis & Gentile, PA and Kopelowitz Ostrow continue to perform substantial work that has and will continue to be valuable to the Classes as the case moves forward. This work includes, but is not limited to: (a) reviewing consumer complaints concerning the Data Breach, (b) ongoing communications with putative Class Members, (c) continued investigation of the Data Breach, the scope of its consequences, and Defendant's public disclosures regarding the same, (d) research into viable legal theories to be brought and filed against Defendant and possible defenses thereto, (e) coordination with Defendant's counsel to ensure the efficient progress of the litigation, and (f) interviews of potential expert witnesses.

      ii.   *Mr. Shamis and Shamis & Gentile, P.A. have Relevant Experience and Knowledge of the Applicable Law and are Qualified to Serve as Interim Co-Lead Class Counsel*

Andrew Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm. Mr. Shamis and his extensive experience in civil litigation has helped him recover over 1 billion dollars for consumers and plaintiffs throughout the country through his relentlessness, expertise, and calculated approach. Mr.

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

Shamis is routinely certified as class counsel which has resulted in many favorable class settlements.

In connection with litigating class cases throughout the country, Mr. Shamis has made it a point to become a permanent member of many bars to effectively represent those communities. Mr. Shamis is permanently admitted to practice law in the states of Arizona, Florida, Georgia, Illinois, Missouri New York, Ohio, Texas, and Washington, as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of New York, Northern and Southern District of Illinois, Northern, Middle, and Southern District of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Ohio, Southern District of Indiana, Eastern and Western Districts of Missouri, Eastern and Western Districts of Oklahoma, Northern, Western, Eastern, and Southern Districts of Texas, Eastern and Middle Districts of Tennessee, US District Court if Colorado, US District Court for Arizona, and the US District Court of Nebraska. Some of Mr. Shamis' successes include the following[1]:

- *South, et. al. v. Progressive Select Insurance Company, et. al.*, No. 19-cv-21760 (S.D. Fla. 2023) ($48,800,000.00 Class Settlement)

- *Davis, et. al. v. Geico Casualty Company, et. al.*, No. 19-cv-02477 (S.D. Ohio 2023) ($5,756,500.00 Class Settlement)

- *Arevalo, et. al. v. USAA Casualty Insurance Company, et. al.*, No. 2020CI16240 (Bexar County, Texas 2023) ($4,089,287.50 Class Settlement)

- *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061 (N.D. Ill. 2018) ($7,000,000.00 Class Settlement)

- *Bloom v. Jenny Craig, Inc.*, No. 1:18-cv-21820-KMM, 2018 U.S. Dist. LEXIS 51686 (S.D. Fla. 2018) ($3,000,000 Class Settlement)

---

[1] Additional information regarding Mr. Shamis and his firm is set forth in the Shamis & Gentile, P.A., resume attached hereto as **Exhibit A**.

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

7

- *Cortazar v. CA Management Services Parent, LLC*, No. 19-cv-22075 (S.D. Fla.2019) ($1,500,000.00 Class Settlement)

- *DeFranks v. Nastygal.com USA Inc.*, No. 19-cv-23028-DPG (S.D. Fla. 2019) ($4,025,000 Class Settlement)

- *Deleon III, et. al. v. Direct General Insurance Company, et. al.*, No. 19-CA-001636 (9th Judicial Circuit, Osceola County) ($2,450,000 Class Settlement)

- *Dipuglia v. US Coachways, Inc.*, No. 17-23006-Civ, 2018 U.S. Dist. LEXIS 72551 (S.D. Fla. 2018) ($2,600,000 Class Settlement)

- *Eisenband v. Schumacher Automotive, Inc.*, No. 18-cv-01061 (S.D. Fla 2018) ($5,000,000 Class Settlement)

- *Flores v. Village Ford, Inc.*, No. 2:19-CV-12368 (E.D. Mich. 2019) ($1,050,000 Class Settlement)

- *Gottlieb v. Citgo Corporation*, No. 16-cv-81911 (S.D. Fla. 2016) ($8,300,000 Class Settlement)

- *Halperin v. YouFit Health Clubs, LLC*, No. 18-CV-61722-WPD (S.D. Fla. 2018) ($1,418,635 Class Settlement)

- *Hindes v. Ohio Mutual Insurance Company*, No. 20CV007627 (Franklin County, OH) ($1,875,000 Class Settlement)

- *Jacques, et. al. v. Security National Insurance Company*, No. CACE-19-002236 (17th Judicial Circuit, Broward County) ($6,000,000 Class Settlement)

- *Jones v. Washington State Employee's Credit Union*, No. 20-2-06596-5 (Superior Court of the State of Washington County of Pierce) ($2,400,000 Class Settlement)

- *Marengo v. Miami Resch. Assocs., LLC*, No. 1:17-cv-20459-KMW, 2018 U.S. Dist. LEXIS 122098 (S.D. Fla. 2018) ($1,236,300 Class Settlement)

- *McGowan v. First Acceptance Insurance Company, Inc.*, No. 21-CA-004864 (Fla. 9th Cir. Ct.) ($2,200,000 Class Settlement)

- *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147 (S.D. Ohio 2020) ($12,000,000 Class Settlement)

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

8

- *Papa v. Greico Ford Fort Lauderdale, LLC*, No. 1:18-cv-21897 (S.D. Fla. 2018) ($4,800,000 Class Settlement)

- *Patterson v. McCarthy Ford, Inc.*, No. 2020-CH-07042 (Circuit Court of Cook County, Illinois County Department, Chancery Division) ($1,870,000 Class Settlement)

- *Pena v. John C. Heath, Attorney at Law, PLLC*, d/b/a Lexington Law Firm, No. 18-cv- 24407-UU (S.D. Fla. 2018) ($11,450,863 Class Settlement)

- *Petit Beau, et. al., v. Ocean Harbor Casualty Insurance Company*, No. CACE-18-029268 (17th Judicial Circuit, Broward County) ($4,500,000 Class Settlement)

- *Picton v. Greenway Chrysler-Jeep-Dodge Inc. d/b/a Greenway Dodge Chrysler Jeep*, No. 19-cv-00196-GAP-DCI (M.D. Fla. 2019) ($2,745,000 Class Settlement)

- *Wijesinha v. Susan B. Anthony List, Inc.*, No. 18-cv-22880 (S.D. Fla. 2018) ($1,017,430 Class Settlement)

>    iii.  <u>Mr. Ostrow and Kopelowitz Ostrow P.A. have Relevant Experience and Knowledge of the Applicable Law and are Qualified to Serve as Interim Co-Lead Class Counsel</u>

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years.[2] Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 200 pending data breach cases. He is

---

[2] A copy of the Kopelowitz Ostrow P.A. firm resume is attached hereto as **Exhibit B**.

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

9

currently Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people. Additional examples of other cases in which he serves as Lead Counsel include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting two million individuals, *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, 2:24-cv-146 (D. Me.), affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), affecting at least 106,540 patients; *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting at least 750,000 individuals; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients, and *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

10

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members.

    iv. *Resources that Proposed Interim Co-Lead Class Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Class Counsel*

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

11

The final Fed. R. Civ. P. 23(g)(1)(A)(iv) factor, which concerns the resources that counsel will commit to the case, also strongly supports the appointment of Mr. Shamis and Mr. Ostrow as Interim Co-Lead Class Counsel. Their firms are well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. As a result, the firms can fully utilize their resources and knowledge of class action practice to the direct benefit of Plaintiffs and the Class Members.

Proposed Interim Co-Lead Class Counsel have demonstrated their collective will and ability to dedicate the necessary resources to maximize Plaintiffs' and Class Members' chance of success in this lawsuit. As described in detail above, each of the firms thoroughly investigated, developed and gathered what they believe to be evidence in support of these claims, and have already invested and committed significant resources to prosecute this case. Proposed Interim Co-Lead Class Counsel are hard-working, organized and effective. They have taken many cases from inception to conclusion, advancing all litigation costs, and will do so here.

Shamis & Gentile, P.A. and Kopelowitz Ostrow P.A. have the necessary resources to represent the proposed Classes in this action and have committed and will continue to commit the resources required to prosecute this matter. Additionally, the firms' attorneys and staff are proficient in the use of litigation support technology and have invested in the technological resources needed to litigate complex matters. In short, Proposed Interim Co-Lead Class Counsel are fully committed to pursuing the best interests of Plaintiffs and the proposed Classes and will devote all the necessary resources to bring this matter to a successful conclusion. Moving forward, Proposed Interim Co-Lead Class Counsel will continue to staff this matter with knowledgeable and experienced attorneys, supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts and assist in trial preparation. Proposed Interim Co-Lead Class Counsel will continue their

PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

12

commitment of resources and efforts to this matter, just as they have in other, successful litigations.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request consolidation of these Related Actions and appointment of Andrew Shamis and Jeff Ostrow as Interim Co-Lead Class Counsel to represent Plaintiffs and the putative Class Members.

Dated: February 11, 2025                    Respectfully Submitted,


By: */s/Andrew J. Shamis*
Andrew Shamis
Arizona Bar No. 037343
ashamis@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Telephone: (305) 479-2299

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
One W. Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: (954) 990-2218
cardoso@kolawyers.com

*Attorneys for Plaintiffs and the Proposed Class*

**pro hac vice* application forthcoming