# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Santos, *et al.*, | No. CV-24-03690-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| BackChecked LLC, | |
| Defendant. | |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 34, as amended by Doc. 36, Motion).

The Court, having considered the Motion, the supporting brief, the Parties' Amended Settlement Agreement dated March 13, 2026 (Doc. 36-2); the proposed Postcard Notice, Long Form Notice, and Claim Form (attached to the Agreement as Exhibits 1, 2, and 3, respectively); the pleadings and other papers filed in this Action; and the Joint Declaration of Class Counsel, and for good cause shown,

**IT IS HEREBY ORDERED** lifting the stay on this matter. (*See* Doc. 29.)

**IT IS FURTHER ORDERED** granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 34, as amended by Doc. 36).

**IT IS FURTHER ORDERED AND ADJUDGED** as follows:

. . .

. . .

. . .

**<u>Preliminary Approval of Amended Settlement Agreement</u>**

Unless otherwise defined herein, all capitalized terms as used in this Order shall have the definitions and meanings accorded to them in the Amended Settlement Agreement.

1.      The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, all Settlement Class members, Defendant Backchecked, LLC, and any party to any agreement that is part of or related to the Agreement.

2.      The Court finds that the proposed Settlement set forth in the Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class members and that a Final Approval Hearing should be held as set forth below.

**<u>Class Certification</u>**

3.      Solely for purposes of the Settlement, the Court conditionally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> **All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.**

4.      Subject to Final Approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

- 2 -

(c)     Plaintiffs and Class Counsel fairly and adequately represent the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class;

(d)     the Claims of Plaintiffs are typical of those of Settlement Class members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class, and;

(f)     settlement of the Action on a class-action basis is superior to other means of resolving this matter.

5.     The Court appoints Leanna Loginov and Jeff Ostrow as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.     The Court hereby appoints Plaintiffs Raul Santos and Karlo Peralta as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

7.     Upon review, the Court approves the Amended Settlement Agreement, as well as the Postcard Notice and Longform Notice attached thereto as Exhibits 1 and 2, and finds that the dissemination of the Notice pursuant to the Notice Program complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process of law, and is the best notice practicable under the circumstances.

8.     The Court further approves the Claim Form, in a form substantially similar to Exhibit 3 attached to the Agreement. The Claim Form will be available on the Settlement Website and by request.

9.     The notice procedures described in the Notice Program are hereby found to be the best means of providing notice of the Settlement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the

Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.     No later than 30 days from the date of this Preliminary Approval Order, the Settlement Administrator shall send the Postcard Notices to each Settlement Class member via U.S. Mail, first-class; and shall publish the Longform Notice on the Settlement Website as stated in the proposed Notice Program. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces. Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Notice Program.

11.     All Settlement Administration Costs shall be paid from the Settlement Fund pursuant to the Agreement.

12.     The Notice and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and are thus approved for dissemination to the Settlement Class. The Claim Forms shall be made available to the Settlement Class members as set forth in the Notice Program and shall be made available to any potential Class Member that requests one.

**Attorneys' Fees, Costs, and Service Awards**

13.     The Amended Settlement Agreement provides that, as part of the Settlement, Class Counsel will request attorneys' fees not to exceed one-third of the $535,000.00 Settlement Fund (i.e., $178,333.33), reimbursement for their reasonable litigation costs, and Service Awards of $2,500.00 for each Class Representative, to be paid from the Settlement Fund. Pursuant to the Settlement, Plaintiffs shall file their Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the original date set for the Final Approval Hearing, together with their Motion for Final Approval.

- 4 -

**Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing**

14.    Settlement Class members may opt-out or object up to 30 days before the original scheduled Final Approval Hearing.

15.    Any members of the Settlement Class members who wish to be excluded ("opt-out") from the Settlement Class must send a written request to the designated Post Office box established by the Settlement Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class members who opt-out of the Settlement will not be eligible to receive any Settlement Class Member Benefits, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Backchecked.

16.    Any member of the Settlement Class members who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and final judgment, be bound by all the terms and provisions of the Agreement, whether or not such Settlement Class member objected to the Settlement and whether or not such Settlement Class member received consideration under the Amended Settlement Agreement.

17.    A Final Approval Hearing shall be held on **September 10, 2026, at 9:00 a.m. (Arizona time)** before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

18.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of a Final Approval Order including the release of claims and release of Backchecked; and (d) entry of final judgment in this Action. Class Counsel's Application

for Attorneys' Fees, Costs, and Service Awards shall also be heard at the time of the Final Approval Hearing.

19.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of Settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent order. The Court may also decide to hold the Final Approval Hearing via Zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

20.    Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class members who do not timely object or opt-out and that do not have an attorney who enters an appearance on their behalf will be represented by Class Counsel.

21.    Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, or (c) Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards; by (i) serving a written objection upon Class Counsel and Backchecked's counsel or (ii) filing the written objection with the Court through the Court's ECF system, with service on Class Counsel and Backchecked's counsel made through the ECF system.

22.    Any Settlement Class member making an objection ("Objector") must submit the objection in writing and include all the following information: (a) the objecting Settlement Class members' full name, current address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for

the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and whether the counsel intends to appear at the Final Approval Hearing; (e) the number of times in which the objector's counsel and/or the objector's counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on the objection issued by the trial and appellate courts in each such listed case; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (g) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (h) the objector's signature (an attorney's signature is not sufficient). To be timely, any objection must be filed with the Clerk of Court at least 15 days before the initial scheduled Final Approval Hearing.

23. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted.

24. If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class

Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least 15 days before the Final Approval Hearing.

25.    In order to be timely, objections, along with any notices of intent to appear, must be mailed to Class Counsel and Backchecked's Counsel with a postmark date of no later than 15 days before the initial Final Approval Hearing or filed with the Court no later than 15 days before the initial Final Approval Hearing.

26.    Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely mail or file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Released Claims and Released Parties; (c) entry of Final Approval Order or any judgment; and (d) Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, whether by appeal, collateral attack, or otherwise.

27.    Settlement Class members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

28.    Upon entry of the Final Approval Order and final judgment, all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Backchecked with respect to all of the Released Claims and the Released Parties.

29.    The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. 1715. Class Counsel and Counsel for Backchecked shall cooperate promptly and fully in the preparation of such notices, including providing Backchecked with any and all information in their possession necessary for the preparation of these notices. Backchecked shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the Settlement.

**Administration of the Settlement**

30.    The Court hereby appoints the Settlement Administrator proposed by the parties, Simpluris, Inc. Responsibilities of the Settlement Administrator shall include: (a) serving CAFA Notice on the appropriate state and federal officials within 10 days following execution of this Agreement; (b) completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending out Longform Notices and paper Claim Forms on request from Settlement Class members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; (c) establishing and maintaining the Settlement Fund in the Escrow Account approved by the Parties; (d) establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class members, and Claim Forms; (e) establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms; (f) establishing and maintaining an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries; (g) Responding to any mailed Settlement Class member inquiries; (h) Processing all opt-out requests from the Settlement Class; (i) Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information; (j) in advance of the Final Approval Hearing, preparing a declaration for the Parties confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received and the amount of each benefit claimed, providing the names of each Settlement Class member who timely and properly requested

to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval; (k) Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check; (l) Sending Settlement Class Members who elect Credit Monitoring emails instructing how to activate their Credit Monitoring service; (m) Paying Court-approved attorneys' fees, costs, and Service Awards out of the Settlement Fund; (n) Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel and Defendant's Counsel; and (o) Any other Settlement administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments and Credit Monitoring access information have been properly distributed. Pursuant to the Amended Settlement Agreement, the Settlement Administrator and costs of administration shall be paid from the Settlement Fund.

31.    In the event the Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Agreement, the Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Agreement, become null and void, shall have no further force and effect, and Settlement Class members shall retain all of their current rights to assert any and all claims against Backchecked, and  shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation.) The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Amended Settlement Agreement and shall proceed as if the Amended Settlement Agreement and all other related orders and papers had not been executed.

32.    Neither this Order nor the Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor

- 10 -

any proceedings undertaken in accordance with the terms set forth in the Amended Settlement Agreement or herein or in any other settlement related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Backchecked as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

**Schedule and Deadlines**

33.    The Court orders the following schedule for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
| --- | --- |
| Defendant provides list of Settlement Class members to the Settlement Administrator | 10 days after entry of Preliminary Approval Order |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Notice Date | 30 days after Preliminary Approval |
| Deadline for filing of Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the originally scheduled Final Approval Hearing |
| Objection Deadline | 15 Days before the originally scheduled Final Approval Hearing |
| Opt-Out Deadline | 15 Days before the originally scheduled Final Approval Hearing |
| Claims Deadline | 15 days before the originally scheduled Final Approval Hearing |

| **Final Approval Hearing** | **September 10, 2026, at 9:00 a.m. (Arizona time)** |
| --- | --- |

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2026.

_____
Honorable John J. Tuchi
United States District Judge