**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Raul Santos, *et al.*,

Plaintiffs,

v.

BackChecked LLC,

Defendant.

No. CV-24-03690-PHX-JJT

**ORDER**

At issue is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (Doc. 38). On April 3, 2026, this Court entered a Preliminary Approval Order[1] (Doc. 37) of the Amended Settlement Agreement between Plaintiffs, individually and on behalf of the Settlement Class, and Defendant Backchecked, LLC.

On May 4, 2026, and May 11, 2026, pursuant to the notice requirements set forth in the Amended Settlement Agreement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, and their rights to request exclusion, object, and/or appear at the final approval hearing.

. . .

[1] Except as may otherwise be indicated, the capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Amended Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 36-2).

On September 10, 2026, the Court held a final approval hearing to determine, *inter alia*: (1) whether the Amended Settlement Agreement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Consolidated Class Action Complaint with prejudice. (Doc. 42.) Prior to the final approval hearing, Co-Lead Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. (Doc. 38-2.) Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Amended Settlement Agreement, the award of attorney's fees, costs, and expenses, and the payment of Service Awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Co-Lead Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Amended Settlement Agreement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Co-Lead Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED** granting Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (Doc. 38).

**IT IS FURTHER ORDERED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Amended Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Amended Settlement Agreement.

4. This Court grants final approval of the Amended Settlement Agreement, including, but not limited to, the releases in the Amended Settlement Agreement and the plans for distribution of the Settlement Fund. The Court finds that the Amended Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Amended Settlement Agreement and this Final Approval Order and Judgment.

5. The Amended Settlement Agreement and every term and provision thereof—including, without limitation, the releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Amended Settlement Agreement in accordance with its terms.

**OBJECTIONS AND OPT-OUTS**

7. No objections were filed by Settlement Class Members. As a result, the Court did not have occasion to consider any objections and finds that objections do not counsel against approval of the Amended Settlement Agreement.

8. All persons and entities who have not objected to the Amended Settlement Agreement in the manner provided in the Amended Settlement Agreement are deemed to

have waived any objections to the Amended Settlement Agreement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. No putative individuals timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement, as confirmed by the Settlement Administrator's Declaration (Doc. 38-2) and Co-Lead Class Counsel at the Final Approval Hearing (Doc. 42).

**CLASS CERTIFICATION**

10. For purposes of the Amended Settlement Agreement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Classes:

> **Nationwide:** All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident.
>
> Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

11. As used throughout this Order, the term "Settlement Class" shall refer to the Settlement Classes defined herein in Paragraph 10.

12. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues

predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. The Court grants final approval to the appointment of Raul Santos and Karlo Peralta, as the Settlement Class Representatives.[2] The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14. The Court grants final approval to the appointment of Leanna Loginov of Shamis & Gentile, P.A. and Jeff Ostrow of Kopelowitz Ostrow P.A., as Co-Lead Class Counsel. The Court concludes that Co-Lead Class Counsel has adequately represented the Settlement Class and will continue to do so.

**NOTICE TO THE SETTLEMENT CLASS**

15. The Court finds that the Notice Plan, set forth in the Amended Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Amended Settlement Agreement, their right to exclude themselves, their right to object to the Amended Settlement Agreement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

16. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

. . .

[2] Although Raven Jackson was also listed as a putative class representative at the filing of the Amended Class Action Complaint (Doc. 25), the Notice of Class Action Settlement provided to class members did not list Raven Jackson as a Class Representative (Doc. 38-2 at 17), nor did the parties' Proposed Order (Doc. 38-3 at 4). The Court has not uncovered the reason why in the parties' papers, but the Court approves the appointment of Raul Santos and Karlo Peralta as Class Representatives based on the Notice of Class Action Settlement and Proposed Order.

**AWARD OF ATTORNEY'S FEES AND SERVICE AWARDS**

17. The Court has considered Co-Lead Class Counsels' Motion for attorney's fees, costs, and expenses, and for service awards.

18. The Court awards Class Counsel one-third of the gross Settlement Fund as an award of attorney's fees, in the amount of $178,333.33, and $11,273.04 as an award of costs and expenses to be paid in accordance with the Amended Settlement Agreement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Amended Settlement Agreement. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Amended Settlement Agreement.

19. The Court grants Class Counsel's request for Service Awards and awards $2,500.00 to each Settlement Class Representative. These Service Awards shall be paid from the Settlement Fund in accordance with the Amended Settlement Agreement. Any uncashed Service Awards shall be treated consistent with Paragraph 109 of the Amended Settlement Agreement.

**OTHER PROVISIONS**

20. The Parties to the Amended Settlement Agreement shall carry out their respective obligations thereunder.

21. Within the time period set forth in the Amended Settlement Agreement, the relief provided for in the Amended Settlement Agreement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Amended Settlement Agreement.

22. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims

against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Amended Settlement Agreement.

23. Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

24. "Released Parties" has the meaning set forth in the Amended Settlement Agreement.

25. "Released Claims" shall have the meaning set forth in the Amended Settlement Agreement.

26. This Final Approval Order and Judgment, the Amended Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Amended Settlement Agreement shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant; provided, however, that nothing in the foregoing, the Amended Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Amended Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Amended Settlement Agreement or this Final Approval Order and Judgment (including all releases in the Amended Settlement Agreement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

27. This Final Approval Order and Judgment and the Amended Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Amended Settlement Agreement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

28. The Amended Settlement Agreement (including without limitation the releases therein) shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29. The Court hereby dismisses the Action and the Consolidated Class Action Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30. If the Effective Date, as defined in the Amended Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Amended Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Amended Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into the Amended Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Amended Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Amended Settlement Agreement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Amended Settlement Agreement or the implementation of this Final Order and Judgment.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 10th day of September, 2026.

Honorable John J. Tuchi
United States District Judge